UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| In re: | : Chapter 7 |
| | : |
| **MCQUAID DISTRIBUTING &** | : Case No.: 09-40330 |
| **MARKETING, INC.** | : |
| | : Judge Kay Woods |
| Debtor | : |
| _____ | : |
| | : |
| Mark A. Beatrice, Chapter 7 Trustee | : Adversary No. _____ |
| Of the Debtor, McQuaid Distributing & | : |
| Marketing, Inc., | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| SHAUKAT M. SINDHU | : |
| 5 Tewkesbury Lane | : |
| South Barrington, IL 60010-6125 | : |
| | |
| SAAD S. SINDHU | |
| 1030 Torrey Pines Street, NE | |
| Warren, OH 44484-6711 | |
| | |
| SALEEM CHADHARY | |
| c/o10367 Main Street | |
| New Middletown, OH 44442 | |
| | |
| SULTAN PETROLEUM, INC. | |
| c/o RRS Consulting, Ltd, Statutory Agent | |
| 175 E. Hawthorn Parkway, Suite 345 | |
| Vernon Hills, IL 60061 | |
| | |
| SULTAN PETROLEUM OF ILLINOIS | |
| c/o RRS Consulting, Ltd, Statutory Agent | |
| 175 E. Hawthorn Parkway, Suite 345 | |
| Vernon Hills, IL 60061 | |
| | |
| NORTHEAST OHIO PROPERTIES, INC. | |
| 911 E. Touhy Ave., Suite 200 | |
| Des Plaines, IL 60018 | |
| | |
| Defendants. | |

## COMPLAINT TO AVOID AND
## RECOVER VOIDABLE TRANSFERS AND FOR DAMAGES

Plaintiff Mark A. Beatrice ("Plaintiff"), Chapter 7 Trustee of the Debtor McQuaid Distributing & Marketing, Inc. ("Debtor"), states as follows:

### I. PARTIES

1. Debtor commenced this Chapter 7 case on February 5, 2009 (the "Petition Date").

2. Plaintiff is the duly appointed and acting Chapter 7 Trustee herein pursuant to his appointment on February 5, 2009 and the operation of 11 U.S.C. §702(d).

3. Defendant SHAUKAT SINDHU at all times relevant to this action, was the Debtor's Vice President and Secretary, and the responsible officer for the conduct of its operations during the two years prior to the Petition Date.

4. Defendant SAAD SINDHU all times relevant to this action, was the President of the Debtor, and upon information and belief, the son of Defendant SHAUKAT SINDHU.

5. Defendants NORTHEAST OHIO PROPERTIES, INC., SULTAN PETROLEUM, INC. and SULTAN PETROLEUM OF ILLINOIS, INC. were, upon information and belief, corporations formed under the laws of the State of Illinois and had majority ownership by defendant SHAUKAT SINDHU and/or his immediate family members.

6. Defendant SALEEM CHADHARY is the cousin of Defendant SHAUKAT SINDHU who became the lessee of the Debtor's former outlet located at 10367 Main Street, New Middletown, OHIO 44442. This defendant's current residential address is not yet known to Plaintiff but will be ascertained during discovery.

7. Upon information and belief, SHAUKAT SINDHU, at all times relevant to this action, was an officer and/or a director of Debtor and exercised control over the financial affairs and activities of the Debtor, MCQUAID DISTRIBUTING & MARKETING INC.

## II. JURISDICTION AND VENUE

8. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

9. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b).

10. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

11. This adversary proceeding is brought pursuant to Sections 502(d), 544, 547(b), 548, and 550(a) of the Bankruptcy Code and pursuant to Federal Rules of Bankruptcy Procedure 7001 and 7003.

## III. CLAIMS FOR RELIEF

### Count One – Recovery of Preferences

12. Plaintiff incorporates by reference ¶¶ 1-13 of this Complaint.

13. Defendant SHAUKAT SINDHU was an "insider" of the Debtor as defined in 11 U.S.C. § 101(31)(B).

14. Within the one-year period prior to the Petition Date (the "Preference Period"), Debtor made payments to Defendant SHAUKAT SINDHU described in Debtor's ledger as officer draws (the "Officer Draw Transfers") and being check numbers 32047 dated September 16, 2008 and 32049 dated September 17, 2008 in the amounts of $145,000 and $80,000, and a wire transfer of January 14, 2009 of $21,000.

15. The Officer Draw Transfers were transfers of an interest in property of the Debtor to or for the benefit of Defendant SHAUKAT SINDHU.

16. The Officer Draw Transfers were transfers for or on account of antecedent debt owed by Debtor to Defendant SHAUKAT SINDHU before such transfers were made.

17. The Officer Draw Transfers were transfers made while Debtor were insolvent.

18. The Officer Draw Transfers were transfers made within the Preference Period.

19. The Officer Draw Transfers enabled Defendant SHAUKAT SINDHU to receive more than he would have received if (a) these cases were cases under Chapter 7 of the Bankruptcy Code; (b) the transfers had not been made; and (c) Defendant SHAUKAT SINDHU had received payment of such debts to the extent provided by the Bankruptcy Code.

20. The Officer Draw Transfers constitute preferences within the meaning of 11 U.S.C. § 547(b).

21. Plaintiff is therefore entitled to avoid the Officer Draw Transfers and to recover the Officer Draw Transfers from Defendant, SHAUKAT SINDHU plus prejudgment and post-judgment interest as provided by law.

### Count Two – Fraudulent Transfers under 11 U.S.C. § 548
### re: Officer Draw Transfers

22. Plaintiff incorporates by reference ¶¶ 1-21 of this Complaint.

23. The Officer Draw Transfers, if not paid on account of an antecedent debt, constitute avoidable fraudulent transfers pursuant to 11 U.S.C. § 548.

### Count Three – Recovery of Property under 11 U.S.C. § 550

24. Plaintiff incorporates by reference ¶¶ 1-23 of this Complaint.

25. Defendant SHAUKAT SINDHU is a transferee within the scope of 11 U.S.C. § 550(a).

26. To the extent that the Officer Draw Transfers described in Counts One and Two are avoided under Sections 544, 547, or 548 of the Bankruptcy Code, then pursuant to 11 U.S.C.

{M0252274.1}

4
09-40330-kw    Doc 63    FILED 02/02/11    ENTERED 02/02/11 16:11:46    Page 4 of 7

§ 550, Plaintiff is entitled to recover from Defendant SHAUKAT SINDHU the property transferred or the value of such property.

### Count Four – Fraudulent Transfers under 11 U.S.C. § 548
### re: Credit Line Transfers

27. Plaintiff incorporates by reference ¶¶ 1-26 of this Complaint.

28. On or about October 16, 2007, Debtor entered into a $1.5 million credit line transaction with First Midwest Bank. Upon information and belief, the Debtor borrowed pursuant to said credit line and then transferred proceeds of the credit line (the "Credit Line Transfers") to the following defendants for less than an equivalent value, to wit:

    a. on or about October 17, 2007, $140,000 to Saleem Chadhary;

    b. on or about October 18, 2007, $30,000 to Saad Sindhu;

    c. on or about October 18, 2007, $30,000 to Sultan Petroleum, Inc.;

    d. on or about October 22, 2007, $75,000 to Saad Sindhu;

    e. on or about November 6, 2007, $127,406 to Saad Sindhu.

29. The Credit Line Transfers constitute avoidable fraudulent transfers pursuant to 11 U.S.C. § 548.

### Count Five – Fraudulent Transfers under 11 U.S.C. § 548
### re: Sultan Petroleum of Illinois, Transfers

30. Plaintiff incorporates by reference ¶¶ 1-30 of this Complaint.

31. As of July 30, 2008, Debtor had transferred over $300,000 to Sultan Petroleum of Illinois, for less than an equivalent value.

### Count Six – Breach of Fiduciary Duty Against Shaukat Sindhu

32. Plaintiff incorporates by reference ¶¶ 1-31 of this Complaint.

{M0252274.1 }

33. Shaukat Sindhu breached his fiduciary duty to Debtor and its creditors by authorizing, approving and causing the Credit Line Transfers to be made at a time when Debtor was insolvent or became insolvent as a result of its inability to pay the credit advances funding the Credit Line Transfers.

34. Shaukat Sindhu breached his fiduciary duty to Debtor and its creditors by authorizing, approving and causing the various transfers of funds for a lack of equivalent value to entities as to which he or his immediate family members had ownership interests including down payments, improvements and loan payments for Northeast Ohio Properties, Inc. as to properties placed in its name and multiple transfers to Sultan Petroleum of Illinois.

WHEREFORE, Plaintiff requests judgment that:

I. The Officer Draw Transfers be deemed preferential transfers and avoided pursuant to 11 U.S.C. § 547;

II. The Officer Draw Transfers, in the alternative, be deemed fraudulent transfers and avoided pursuant to 11 U.S.C. § 548;

III. Defendants SAAD SINDHU, SALEEM CHADHARY, NORTHEAST OHIO PROPERTIES, INC., SULTAN PETROLEUM, INC., and SULTAN PETROLEUM OF ILLINOIS be deemed to be transferees of fraudulent transfers under 11 U.S.C. §§544, 547, 548 or Ohio law, and that, to the extent that the Credit Line Transfers or other transfers described in Counts Four and Five are avoided under Sections 544, 547, or 548 of the Bankruptcy Code, then Plaintiff be entitled to recover from Defendants the property transferred or the value of such property under 11 U.S.C. §§550;

IV. This Court enter a judgment for damages against SHAUKAT SINDHU, SAAD SINDHU, SALEEM CHADHARY, SULTAN PETROLEUM, INC., SULTAN PETROLEUM OF ILLINOIS and NORTHEAST OHIO PROPERTIES, INC. in an amount to be determined at trial;

V. This Court enter judgment against SHAUKAT SINDHU for his breach of fiduciary duties as described in Count Six above in an amount to be determined at trial;

VI. The Plaintiff recover its costs and expenses incurred herein including attorney's fees; and

VII. This Court award Plaintiff such other and further relief as it deems just and proper.

Respectfully submitted,

/s/ Mark A. Beatrice         (#0011003)
Mark A. Beatrice
Counsel for Plaintiff, Mark A. Beatrice

Manchester, Bennett, Powers & Ullman
Atrium Level Two, The Commerce Bldg.
201 E. Commerce Street
Youngstown, OH  44503-1641
Ph:  (330) 743-1171
Fax:  (330) 743-1190

{M0252274.1 }

7                                                           Doc 1322828   Ver 1
09-40330-kw    Doc 63    FILED 02/02/11    ENTERED 02/02/11 16:11:46    Page 7 of 7